DelBello Donnellan Weingarten
Wise & Wiederkehr, LLP
One North Lexington Avenue
White Plains, New York 10601
Telephone: (914) 681-0200
Facsimile: (914) 684-0288
Frank J. Haupel, Esq.
fjh@ddw-law.com
Attorneys for Blue Wolf Group LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
|     EOS AIRLINES, INC., | Case No. 08-22581 |
|     Reorganized Debtor. | **ANSWER** |

------------------------------------------------------X

| | |
|---|---|
| TURNAROUND ADVISORS, LLC, As Liquidating Trustee of the EOS AIRLINES LIQUIDATING TRUST, | Adv. Pro. No. 10-08297 |
| Plaintiff, | |
| -against- | |
| BLUE WOLF GROUP LLC, | |
| Defendant. | |

------------------------------------------------------X

    The Defendant, Blue Wolf Group LLC ("Defendant"), by its attorneys, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, as and for its Answer to the Complaint dated April 23, 2010 of the Plaintiff, Turnaround Advisors, LLC, as Liquidating Trustee of the EOS Airlines Liquidating Trust ("Plaintiff"), herein alleges the following, upon its present knowledge, information and belief:

    1.    Can neither admit nor deny the allegations contained in Paragraphs "1", "2", "3" and "4" of the Complaint by reason of the fact that they contain legal conclusions to

which no response is required, and to the extent a response may be required, denies each and every allegation contained in said Paragraphs.

2. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs "5", "6", "7" and "8" of the Complaint.

3. Can neither admit nor deny the allegations contained in Paragraph "9" of the Complaint by reason of the fact that it contains legal conclusions to which no response is required, and to the extent a response may be required, denies each and every allegation contained in said Paragraph.

4. Denies each and every allegation contained in Paragraph "10" of the Complaint, except as otherwise pleaded herein.

5. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs "11", "12", "13", "14" and "15" of the Complaint.

6. Denies each and every allegation contained in Paragraphs "16" and "17" of the Complaint.

7. Denies each and every allegation contained in Paragraph "18" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the each and every allegation contained in Paragraph "19" of the Complaint.

9. Denies each and every allegation contained in Paragraphs "20" and "22" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "21" of the Complaint.

11. Denies each and every allegation contained in Paragraph "23" of the Compliant, except as otherwise pleaded herein.

12. Denies each and every allegation contained in Paragraph "24" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs "25", "26", and "27".

14. Denies each and every allegation contained in Paragraph "28" of the Complaint.

15. Denies each and every allegation contained in Paragraph "29" of the Complaint, except as otherwise provided herein.

16. Denies each and every allegation contained in Paragraphs "30", "31" and "32.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

17. The Plaintiff is barred from recovery as demanded in the Complaint as the Debtor received reasonable equivalent value for the services Defendant provided to the Debtor as set forth on Defendant's Invoice dated January 31, 2008 upon which Debtor paid $27,263.00 on or about March 3, 2008.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

18. The Plaintiff is barred from recovery as demanded in the Complaint since the payment(s) referred in the Complaint were made in the ordinary course of business of the Debtor and the Defendant on ordinary business terms and absent collection activity on the part of the Defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

19. The payment(s) made by the Debtor to the Defendant as alleged in the Complaint constituted a contemporaneous exchange for new services provided by Defendant to Debtor. Therefore, Plaintiff is precluded from recovery as demanded in the Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

20. The payment(s) sought to be disallowed as demanded in the Complaint constituted new value to the Debtor. The Plaintiff is therefore barred from recovery as requested in the Complaint.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

21. Defendant maintains and reserves its right to assert claims for the value of services provided to the Debtor as set forth in Invoices dated February 29, 2008 for $23,016.00 and March 31, 2008 for $16,440.00 since the payment of $27,263.00 identified in the Complaint did not constitute a preference payment or fraudulent transfer within the meaning of the Bankruptcy Code.

Dated: White Plains, New York
July 27, 2010

DelBello Donnellan Weingarten
Wise & Wiederkehr, LLP

By: /s/ Frank J. Haupel
Attorneys for Defendant
Blue Wolf Group LLC
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200 (voice)
(914) 684-0288 (fax)
fjh@ddw-law.com (e-mail)

TO:
Neiger, LLP
Attorneys for Plaintiff
Turnaround Advisors, LLC,
As Liquidating Trustee for the
EOS Airlines, Inc. Liquidating Trust
111 John Street, Suite 800
New York, New York 10038
(212) 267-7342 (voice)
(212) 918-3427 (fax)

United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004